UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER EGLI
147 CONESTOGA RD
DEVON PA 19333

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

GEORGE STRIMEL
47 LOUELLA COURT
RADNOR, PA 19087

RADNOR STUDIO 21
110 W. LANCASTER AVE
WAYNE, PA 19087

RADNOR TOWNSHIP
300 IVEN AVENUE
WAYNE, PA 19087

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

13 123

**COMPLAINT**

Jury Trial: ☑ Yes ☐ No

(check one)

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff

| | |
|---|---|
| Name | CHRISTOPHER EGLI |
| Street Address | 147 CONESTOGA RD |
| County, City | CHESTER COUNTY, DEVON |
| State & Zip Code | PA 19333 |
| Telephone Number | 610 990 5408 |

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name GEORGE STRIMEL

Street Address 47 LOVELLA COURT

County, City CHESTER COUNTY, DEVON

State & Zip Code PA 19333

Defendant No. 2

Name RADNOR STUDIO 21

Street Address 110 W. LANCASTER AVE

County, City WAYNE, PA

State & Zip Code PA 19087

Defendant No. 3

Name RADNOR TOWNSHIP

Street Address 300 IVEN AVENUE

County, City WAYNE,

State & Zip Code PA 19087

Defendant No. 4

Name

Street Address

County, City

State & Zip Code

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? FIRST AMENDMENT, FREE SPEECH

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ______

Defendant(s) state(s) of citizenship ______

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? 110 W. LANCASTER AVE, WAYNE, PA 19087

B. What date and approximate time did the events giving rise to your claim(s) occur? MARCH 10-15, 2012

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

C. Facts: PLEASE SEE FOLLOWING DOCUMENT PAGES

Rev. 10/2009

V. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

V. **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I'D LIKE TO BE ABLE TO RETURN TO THERS21 STUDIO TO PRODUCE FILMS AND SHOW THEM ON RS21 TV.

I'D LIKE TO GET MY KEY TO THE STUDIO BACK, THE ACCESS CODE TO THE DOOR TO THE STUDIO, AND A WRITTEN APOLOGY FROM GEORGE STRIMEL, JACK BROOKS, JAMES OOLING, BRIAN FARRELL, AND ROBERT ZIENKOWSKI.

I'D LIKE $150,000.⁰⁰ IN COMPENSATION FOR TAKING AWAY MY FIRST AMENDMENT RIGHTS.

COMES NOW Plaintiff Christopher Egli; writer, filmmaker, and resident of Devon, PA. Mr. Egli has been a participant at Radnor Studio 21, a Public Access television station located in Wayne, PA., since 2001. In May of 2012, Mr. Egli submitted his film "My Adventure in Tredyffrin Township" for airing, but RS21 refused to do so. The general manager of Radnor Studio, George Strimel, asserted that the film was a 'polemic', and 'one-sided', and did not offer a balanced view. After fruitless efforts to resolve the matter, Mr. Egli began the appeal procedure.

Wholly without justification, the RS21 General Manager then abruptly rescinded all studio privileges to Mr. Egli and began portraying him as untrustworthy to employees, interns, and board members at Rs21. Additionally, Strimel changed the passcode to the studio, adding to the perception that Mr. Egli was not to be trusted and represented a danger to RS21 personnel. All of these actions were intended to demean and embarrass Mr. Egli, and were utterly without justification.

BACKGROUND:

Christopher Egli is an adult male, age 55, who has lived in Devon, Pennsylvania since 1993. Mr. Egli is a writer and filmmaker. Beginning in 2001, Mr. Egli began participating at Radnor Studio 21, a public access television station located in Wayne, PA.

RS21's 'Mission Statement' declares that it's intent is to 'provide facilities and services for members of the Radnor Community'. This choice of words encompasses residents living outside Radnor township, and GM Strimel is on record, publicly and privately, stating that anyone - Radnor resident or not - is welcome to participate at RS21 and may show films there. Mr. Egli was permitted to participate at RS21 in accord with this policy.

A RECORD OF PARTICIPATION AT RS21 BY MR. EGLI

Shortly after joining RS21, Mr. Egli was given a key to the building that houses the studio, as well as the passcode to enter at any hour. The passcode was never changed in the first 11 years of his involvement with RS21.
Mr. Egli's films have been shown on RS21's channel since 2001 continuing through to 2012. As with any producer, Mr. Egli submitted release forms that showed his Easttown township address in full. Egli's place of residence was never an issue.
Further, prior to 2012 none of his films were reviewed before screening, nor blocked from airing for any reason.

EVENTS AT ISSUE

In March of 2012 Mr. Egli produced a short film entitled "My Adventure in Tredyffrin Township". He discussed the content of the film with Mr. Strimel as he was working on it, and, in a marked change from prior practice, Mr. Strimel announced that he would need to review the film before airing it. Mr. Egli provided a DVD copy to Strimel as requested.
After a delay of several weeks, Strimel reviewed the film and declared that he would not air it. He first stated that the film was a 'polemic',

but in later discussions changed this defense, asserting that it was 'defamatory'. Mr. Strimel is not a lawyer and did not consult with a lawyer in making this initial decision.

Mr. Egli pleaded with Strimel to reconsider, and offered to make changes to the film. Strimel refused, and Mr. Egli stated he would like to appeal this decision, but Strimel said the matter was closed.

Egli then emailed Radnor Township inquiring as to any appeal procedures available to him. Radnor Township contacted Strimel, and as a result, Strimel became angry and hostile. Strimel conceded that Radnor Township was forcing him to allow the appeal, and grudgingly gave Mr. Egli a copy of Radnor's "Conflict Resolution Policy". Mr. Egli submitted it that day. Strimel then declared that Egli would not be allowed to do any more work at the studio, and would have to call in advance if he wanted to come to the studio.

The next time Egli went to the studio, the passcode had been changed, and RS21 employee Brian Farrell and intern Julia (last name unknown) were openly hostile to him. In a brief discussion with Strimel, new restrictions were placed on Mr. Egli; he was told he could not come to the studio at all, and had to contact the Radnor township solicitor or the RS21 Board Chairman for all communications. Shortly afterwards, the Radnor Township Solicitor wrote the first of several emails to Egli defending Strimel's actions.

Throughout the summer and fall of 2012, Mr. Egli made a sustained effort to amicably resolve the issue; following the CRP to the letter, communicating with the RS21 Oversight Board chairman, and contacting Radnor township. In every avenue Mr. Egli met with only dishonest and misleading answers.

In preparation for filing this Complaint, Mr. Egli received free consultation from Patricia Sons Biswanger, an attorney in private practice in Bryn Mawr, PA. Ms. Biswanger reviewed Mr. Egli's film "My Adventure in Tredyffrin Township", and wrote the following statement in a letter to Radnor Township:

"I have reviewed 'My Adventure' and it is not defamatory. Thus, the

sole basis for Mr. Strimel's refusal to show the film is its content, something that is prohibited by the First Amendment."

Ms. Biswanger added: "My research leads me to believe that RTV will be held to be a state actor within the meaning of 42 U.S.C 1983. See e.g. Demarest v. Athol/Orange Community Television, 188 F Supp.2d 82, 90(D.Mass. 2002)." [Exhibit A]

TO THE DEFENDANT: The Plaintiff asks judgment against you in the amount of $150,000 together with costs upon the following:

**Denial of First Amendment rights** by refusing to air Mr. Egli's film, 'My Adventure in Tredyffrin Township'.

I, Christopher Egli, ________________ verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) related to unsworn falsification to authorities.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 7th day of January, 2013.

Signature of Plaintiff [signature]

Mailing Address 147 CONESTOGA RD
DEVON, PA 19333

Telephone Number 610 990 5408

Fax Number *(if you have one)* ____________

E-mail Address CHRISTOPHER28FAIR@MSN.COM

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of ____________________, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: ____________

Inmate Number ____________

http://beta.abc.go.com/shows/the-chew/recipes/creme-B... 7/2/2012

EXHIBIT "A"

CHRISTOPHER EGLI
610 990 5408
CHRISTOPHER28FAIR
@MSN.COM

**Patricia Sons Biswanger**
Attorney at Law

71 Parkridge Drive
Bryn Mawr, PA 19010-2258

866-731-9601 fax
patbiswanger@gmail.com

610-519-1348 office
610-608-0687 cell

July 28, 2012

***VIA REGULAR MAIL and EMAIL to bspingler@radnor.org***

William A. Spingler
President, Board of Commissioners
Radnor Township
301 Iven Avenue
Wayne, PA 19087

**re: Radnor Township Television**

Dear Mr. Spingler:

This office represents Christopher Egli, a local filmmaker who has shown several films on Radnor Television ("RTV").

Until recently, Mr. Egli enjoyed a harmonious relationship with RTV's manager, George Strimel, and enjoyed virtually untrammeled access to RTV's equipment and facilities. Upon submission of his latest film, however, all that changed. Mr. Egli produced a film entitled "My Adventure in Tredyffrin Township" which was critical of that township's operation of its public access channel.

Mr. Strimel declined to show "My Adventure" on RTV based on his opinion that it was a "polemic against a single political party" and that it was defamatory. Mr. Strimel also abruptly revoked Mr. Egli's permission to use the RTV equipment and facilities. Mr. Egli's subsequent efforts to resolve his dispute with Mr. Strimel came to naught.

I have viewed "My Adventure" and it is not defamatory. Thus, the sole basis for Mr. Strimel's refusal to show the film is its content, something that is prohibited by the First Amendment.

My research leads me to believe that RTV will be held to be a state actor within the meaning of 42 U.S.C. § 1983. *See, e.g., Demarest v. Athol/Orange Community Television*, 188 F. Supp.2d 82, 90 (D. Mass. 2002). This leaves open the possibility to litigation.

Mr. Egli would prefer to avoid litigation, however, provided that "My Adventure" is shown and provided that his permission to use the RTV equipment and facilities is reinstated.

Katie Schleicher's Creme Brulee French Toast - the chew ... Page 2 of 2

I would appreciate hearing from you or the Township's solicitor within the next two weeks so that we can discuss an amicable resolution of this matter.

Thank you for your very kind consideration.

Very truly yours,

Pat Biswanger

Patricia Sons Biswanger